**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES SYKES, | ) | |
| on behalf of Plaintiff and the class | ) | |
| members described herein, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-07897 |
| vs. | ) | |
| | ) | |
| VERIPRO SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff, James Sykes, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Veripro Solutions, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.    The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

7.    Plaintiff was misled, confused, and intimidated by the conduct complained of herein.

## VENUE AND JURISDICTION

8.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, and 28 U.S.C. §1337.

9.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications (Exhibit A) were received by Plaintiff within this District;

b.    Defendant does or transacts business within this District.

## PARTIES

10.    Plaintiff James Sykes  is an individual who resides in Chicago, Illinois.  At all relevant times, he was subject to the personal jurisdiction of the Illinois courts.

11.    Defendant Veripro Solutions, Inc. is a corporation chartered under the law of Delaware with its principal place of business at 750 East Highway 121, Suite 100, Louisville, TX 75067.   Defendant does business in Illinois.   Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 67203.

12.    Veripro Solutions, Inc. is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

13.    Veripro holds a collection agency license from the state of Illinois.  (Exhibit B)

14.    Veripro describes its business as "a debt recovery company" (http://www.veriprosolutions.com/).

2

15.     Veripro Solutions, Inc. is a debt collector as defined in the FDCPA.

## FACTS

16.     Defendant has been attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes (housing) and not for business purposes.

17.     The debt was an open end home equity credit line secured by a second mortgage.

18.     The debt was incurred primarily for personal, family or household purposes, namely, refinancing Plaintiff's residence and home improvements.

19.     On or about April 16, 2019, Defendant sent Plaintiff the letter attached as Exhibit A.

20.     Exhibit A is the first letter Plaintiff received from Defendant regarding the debt described therein.

21.     On information and belief, based on its contents, Exhibit A was the first letter Defendant sent to Plaintiff regarding the debt described therein.

22.     On information and belief, Exhibit A is a form intended for use as the first letter Defendant sends to a consumer regarding a debt.

23.     On its front, Exhibit A seeks payment of the debt: "Please be advised that your account has been referred to Veripro Solutions, Inc. ('Veripro') to secure payment of the outstanding balance of $75,133.56 from your previous servicer, Nationstar Mortgage LLC."

24.     On its front, Exhibit A invites settlement discussions: "There may be a great deal waiting for you online!  You can resolve the balance on your account quickly and easily, without speaking to a collector . . . ."  You can "Take advantage of the balance reduction authorized for your account" or "Set up easy payment plans to repay your debt."

25.     On its front, Exhibit A states that the recipient's credit will be improved by settling the debt: "Resolve your debt and begin improving your credit today!"

26.     On its reverse, Exhibit A states:   "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it, and we will not report it to any

3

credit reporting agency."

27.     Thereafter, Exhibit A further states that "Please also be advised that this account remains secured by a lien against the property that will only be released upon full payoff, reduced payoff, through a bankruptcy with an approved lien strip order or by operation of law."

28.     Exhibit A fails to clearly disclose that neither Veripro nor the owner of the debt can sue Plaintiff.  It also fails to disclose  that neither Veripro nor the owner of the debt can sue to enforce a lien against the property.  *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017).

29.     Exhibit A fails to clearly disclose that the debt cannot legally be reported on a credit report.

30.     Exhibit A follows the quoted statement about credit reporting by the statement that "Veripro Solutions Inc. does not report to any credit reporting agency," leaving it open whether it could do so or just chooses not to do so, and whether the owner of the debt can do so.

31.     Furthermore, Exhibit A is misleading and deceptive.

32.     Under Illinois law, the running of the statute of limitations on a credit agreement bars action on the mortgage as well.  "[L]ong-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule."  *United Central Bank v. KMWC 845, LLC,* 800 F.3d 307, 311 (7th Cir. 2015), citing *Hibernian Banking Ass'n v. Commercial Nat. Bank,* 157 Ill. 524, 41 N.E. 919, 922 (1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt is barred[.]").

33.     Plaintiff was harassed, aggravated, concerned, and intimidated by Exhibit A and retained counsel.

34.     Counsel received a letter from Veripro (Exhibit C) repeating the same assertions as Exhibit A.

4

## COUNT I – FDCPA

35.     Plaintiff incorporates paragraphs 1-34.

36.     Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(4), 1692e(5) and

1692e(10) by misrepresenting the effect of the statute of limitations in Exhibit A.

37.     Section 1692e provides:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of—**

  **(A)     the character, amount, or legal status of any debt; . . .**

**(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

23(b)(3).

39.     The class consists of (a) all individuals (b) to whom Defendant sent a letter

stating that "Because of the age of your debt, we will not sue you for it," (c) concerning a debt

secured by Illinois real estate, (d) which letter further stated "Please also be advised that this

account remains secured by a lien against the property that will only be released upon full

payoff, reduced payoff, through a bankruptcy with an approved lien strip order or by operation

of law" (e) which letter was sent at any time during a period beginning one year prior to the

filing of this action and ending 21 days after the filing of this action.

40.     On information and belief, based on the use of a form letter, the class is so

numerous that joinder of all members is not practicable.

41.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a.     Whether Defendant has a practice of sending letters such as Exhibit A;

b.     Whether Exhibit A misstates Defendant's rights under Illinois law.

c.     Whether Defendant thereby violates the FDCPA.

42.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

44.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Members of the class are likely to be unaware of their rights;

b.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

i.     Statutory damages;

ii.     Actual damages;

iii.     Attorney's fees, litigation expenses and costs of suit;

iv.     Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

45.     Plaintiff incorporates paragraphs 1-34.

46.     Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10) by misrepresenting in Exhibit A that resolution of the debt could improve the

6

recipient's credit.

47. Section 1692e provides:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of—**

**(A)     the character, amount, or legal status of any debt; . . .**

**(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

48. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

49. The class consists of (a) all individuals (b) to whom Defendant sent a letter stating that "Because of the age of your debt, . . . we will not report it to any credit reporting agency" (c) concerning a debt secured by Illinois real estate, (d) which letter further stated "Resolve your debt and being improving your credit today" (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

50. On information and belief, based on the use of a form letter, the class is so numerous that joinder of all members is not practicable.

51. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

7

a.   Whether Defendant has a practice of sending letters such as Exhibit A;

b.   Whether paying a debt that is too old to be reported to the credit bureaus could improve a class member's credit.

c.   Whether Defendant thereby violates the FDCPA.

52.   Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

53.   Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

54.   A class action is superior for the fair and efficient adjudication of this matter, in that:

a.   Members of the class are likely to be unaware of their rights;

b.   Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

i.   Statutory damages;

ii.   Actual damages;

iii.   Attorney's fees, litigation expenses and costs of suit;

iv.   Such other and further relief as the Court deems proper.


*/s/Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Bryan G. Lesser
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824

8

(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
      **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)