IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SYKES, on behalf of Plaintiff and the class members described herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-cv-7897 |
| VERIPRO SOLUTIONS, INC., | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Sykes, individually and on behalf of a purported class, filed this action against Veripro Solutions, Inc. ("Veripro") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. Veripro moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and for failure to state a claim. For the reasons discussed below, Veripro's motion is denied.

**Background**

For purposes of this motion, the Court accepts as true the complaint's factual allegations and draws reasonable inferences in Sykes's favor. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). When ruling on a motion to dismiss, the Court may consider documents attached to the complaint, as well as documents central to the complaint and referred to in it. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). This suit arises from letters Veripro sent to Sykes and his attorney seeking payment of a delinquent mortgage-related debt Sykes allegedly owed to Nationstar Mortgage LLC ("Nationstar"). On April 16, 2019, Veripro sent Sykes a letter that states in relevant part:

> Unless . . . you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Veripro….There may be a great deal waiting for you online! You can resolve the balance on your account quickly and easily, without speaking to a collector, by logging onto [the Veripro website] and entering your file number referenced above. With this option you can: Take

1

> advantage of the balance reduction authorized for your account…Set up easy payment plans to repay your debt…

The reverse side of the letter provides the following notice:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency. ([Veripro] does not report to any credit reporting agency). In circumstances, you can renew the debt and restart the time period for the statute of limitations if you take specific actions such as making certain payment on the debt or making a written promise to pay. [Veripro] agrees that we will never file a lawsuit against you for the collection of this debt, it is our responsibility to make you aware of the facts stated herein. Please also be advised that this account remains secured by a lien against the property that will only be released upon full payment, reduced payoff, through a bankruptcy with an approved lien strip order or by operation of law.

(April 16 letter, Exhibit A to Complaint.) On June 20, 2019, Veripro sent a letter to Sykes's attorney stating that the balance owed was $75,133.56 and repeating the notices from the April 16 letter.

Sykes filed this action in December 2019 on behalf of himself and a purported class. The complaint alleges that the April 16 letter violated the FDCPA because it (1) failed to clearly disclose that neither Veripro nor Nationstar could sue him, (2) failed to disclose that neither Veripro nor Nationstar could sue to enforce a lien against the property, and (3) failed to disclose that the debt could not legally be reported on a credit report. Sykes alleges that he was "harassed, aggravated, concerned, and intimidated" by the "misleading and deceptive" letter, which lead him to retain counsel. Veripro moves to dismiss the complaint for lack of standing and for failure to state a claim which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (b)(6).

## Legal Standard

Federal courts lack subject-matter jurisdiction over a case if the plaintiff lacks standing to sue. The plaintiff bears the burden of establishing that he has standing. *Diedrich v. Ocwen Loan Serv., LLC*, 839 F.3d 583, 588 (7th Cir. 2016). In reviewing a challenge to standing, the Court presumes the truth of all material allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015). When the moving

party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## Discussion

*Rule 12(b)(1) challenge to standing*

Sykes claims that the April 16 letter violated the FDCPA because it misrepresented the legal effect of the statute of limitations by stating that Veripro "will not" sue Sykes, rather than it "cannot sue" him and that Veripro misrepresented that the resolution of the debt could improve Sykes's credit. Veripro argues that Sykes lacks Article III standing because he neither suffered any injury in fact, nor was not at risk of suffering any harm.

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119

3

L.Ed.2d 351 (1992); *see also Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 384 (7th Cir. 2019). At the pleading stage, a plaintiff must allege facts that demonstrate each element of Article III standing. To satisfy the injury-in-fact element, Sykes must establish that he suffered an injury that is "both concrete *and* particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L.Ed.2d 635 (2016). He cannot show standing by simply pointing to a procedural violation of the FDCPA, he must show that the violation harmed or presented an "appreciable risk of harm." *Casillas v. Madison Ave. Assoc.*, 926 F.3d 329, 333 (7th Cir. 2019).

Veripro argues that Sykes has not established that he suffered a concrete harm. The *Casillas* case cited in support is distinguishable from the case at hand. In *Casillas*, the debt collector sent plaintiff a letter that described the process that the FDCPA requires for a debtor to obtain verification of a debt but failed to state that, to dispute the debt, plaintiff must have done so in writing. *Id.* at 331. The Seventh Circuit observed that the only harm plaintiff claimed to have suffered was the receipt of an incomplete letter and that the debt collector's mistake was nothing more than a procedural violation. *Id.* at 331-32. Finding "no harm, no foul," the court explained,

> Casillas did not allege that Madison's actions harmed or posed any real risk to her interest under the Act. She did not allege that she tried to dispute or verify her debt orally and therefore lost or risked losing the statutory protections. Indeed, she did not allege that she ever even considered contacting Madison .... She complained only that her notice was missing some information that she did not suggest that she would ever have used.

*Id.* at 334. The Seventh Circuit held that plaintiff's allegations of a bare procedural violation were insufficient to establish standing.

In this case, Sykes does not simply allege that he was deprived of notice of statutory rights but affirmatively asserts that the April 16 letter was deceptive and misleading. He specifically contends that he was misinformed about the character of the debt, about whether there was an enforceable lien on his property, and about whether the debt could be legally reported to credit agencies. Sykes claims that the April 16 letter contained misrepresentations and that he was

4

"harassed, aggravated, concerned, and intimidated," which caused him to retain counsel. The FDCPA violations Sykes has alleged are similar to those the Seventh Circuit has held to be "misleading and deceptive as a matter of law." *See Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685 (7th Cir. 2017). Drawing all reasonable inferences in his favor, the Court finds that Sykes has standing to bring his FDCPA claims in this case.

*Rule 12(b)(6) challenge to the merits*

The Court next turns to Veripro's Rule 12(b)(6) arguments. Veripro contends that the April 16 letter accurately represented the status of Sykes's debt as a valid obligation, that the statute of limitations disclosure was not misleading as a matter of law, and that, alternatively, any alleged misrepresentation is immaterial. Under the FDCPA, debt collectors are prohibited from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Court considers allegations of FDCPA violations from the perspective of an unsophisticated consumer, who, while "uninformed, naïve, or trusting," possesses at least "reasonable intelligence, and is capable of making basic logical deductions and inferences." The Court must ask "whether someone of modest education and limited commercial savvy would likely be" confused by the letter. *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 344 (7th Cir. 2018). "Generally, the question of whether a disputed statement is false, deceptive, or misleading is a fact-laden one and therefore a district court may not dismiss a complaint unless the disputed statement is plainly, on its face, not misleading or deceptive." *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

To evaluate whether a representation is misleading, the Seventh Circuit divides section 1692e debt-collection statements into three categories: (1) statements that in no way could be misleading to the unsophisticated customer; (2) statements that, although not plainly misleading or deceptive, "might possibly" mislead the unsophisticated consumer; and (3) statements that are

5

plainly misleading. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800-01 (7th Cir. 2009). Only statements in the first category warrant dismissal at the 12(b)(6) stage, that is, when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). Otherwise, "[i]n most instances ... the plaintiff [should] be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 760 (7th Cir. 2006).

Veripro's statements are not plainly misleading. But the Court cannot say that they *in no way* could be interpreted as misleading to the unsophisticated consumer. Rather, the April 16 letter is properly categorized as the second type of claim because it is plausible that the sentence including the phrase "this account remains secured by a lien against the property" could mislead the unsophisticated consumer into believing that foreclosure was a possibility if the debt were left unresolved, or that Veripro or Nationwide could sue to enforce the lien despite the running of the statute of limitations. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014) (finding that the use of the phrase "offer to settle" in a collection letter seeking payment of a time-barred debt could mislead the unsophisticated consumer to believe that the debt was legally enforceable, even though the possibility of legal action was not mentioned in the letter).

In addition, the Court is hesitant at the pleadings stage to conclude that the language of the "statute of limitations disclosure" in the April 16 letter is not misleading as a matter of law. *See McMillan,* 455 F.3d at 758 ("a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects") (internal quotation marks omitted); *see also Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) ("Contrary to

some other circuits, we treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact.") (internal citations omitted).

Finally, Veripro contends that even if the April 16 letter was inaccurate in stating "we will not sue" instead of "we cannot sue," such inaccuracy is immaterial in light of other statements in the letter. In addition to showing that the language would confuse an unsophisticated consumer, Sykes must plausibly allege that the false or misleading statements are material. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009). A material statement is one that "has the ability to influence a consumer's decision." *Lox*, 689 F.3d at 826. At this stage, Sykes need only put forth allegations that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. He argues that the confusion between collection of the debt versus enforcement of a lien, and whether or not he could be sued, is material because it led him to believe he needed to retain a lawyer. The Court is able to draw the reasonable inference that the April 16 letter would materially mislead or confuse an unsophisticated consumer. Dismissal under Rule 12(b)(6) is not appropriate in this case.

## Conclusion

For the reasons stated herein, Veripro's motion to dismiss [17] is denied.

**IT IS SO ORDERED.**

Date: 8/21/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

7